UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL G.                                                                                                    PLAINTIFF

v.                                                                                                   NO. 3:22-CV-278-CRS

KILOLO KIJAKAZI,
Acting Commission of Social Security[1]                                                        DEFENDANT

**MEMORANDUM OPINION**

Pursuant to 42 U.S.C. § 405(g), plaintiff Michael G. ("Claimant") seeks judicial review of the Commissioner of Social Security's denial of his claim for disability insurance benefits ("DIB"). This matter was referred to the United States Magistrate Judge for findings and recommendation. On June 8, 2023, the Magistrate Judge issued a Report and Recommendation concluding that the Administrative Law Judge's Decision denying DIB benefits should be affirmed (the "Report") (DN 17). On June 14, 2023, Claimant filed Objections to the Report. DN 18. Accordingly, this matter is now before the Court for consideration of Claimant's Objections. For the reasons stated below, the Court finds no merit in Claimant's Objections and will therefore adopt the Magistrate Judge's well-reasoned Report as the opinion of this Court.

1. Standard of Review

The Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed a timely and specific written objection. FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

1

part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.'" *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services,* 932 F.2d 505, 509 (6th Cir. 1991)); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016).

In reviewing findings by an administrative law judge ("ALJ"), the Court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more. *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted).

2. <u>Procedural Posture</u>

Claimant was forty-five years old on the alleged onset date of his disability, July 26, 2019. Claimant was involved in a motor vehicle accident in 2013 and filed a previous application for DIB which was denied. On August 28, 2019, Claimant filed a second Title II application for a

period of disability and DIB benefits, alleging disability beginning August 22, 2017. That claim was denied on December 12, 2019. Claimant moved for reconsideration and his claim was denied again on February 28, 2020. On March 5, 2020, Claimant requested a hearing. Claimant's request was granted and a telephonic hearing was held on November 4, 2020. At the hearing, Claimant amended his alleged onset date to July 26, 2019. Claimant and his wife both testified at the hearing. An impartial vocational expert also provided testimony at the hearing. On March 31, 2021, the ALJ issued a written opinion. The ALJ evaluated the evidence under the required five-step process and concluded that the plaintiff "has not been under a disability within the meaning of the Social Security Act from July 26, 2019, the amended alleged onset date, through the date of this decision." DN 11 at PageID# 52. Thereafter, Claimant requested review by the Appeals Council. On March 29, 2022, the Appeals Council denied Claimant's request. As a result, the ALJ's decision became final and subject to review by this Court. 42 U.S.C. 405(g) and (h); 20 C.F.R. § 422.210(a).

This court referred this matter to Magistrate Judge Colin H. Lindsay for a report and recommendation. On June 8, 2023, the Magistrate Judge issued his Report, recommending that because the ALJ's decision is based on substantial evidence, it should be affirmed. DN 17 at PageID# 673. On June 14, 2023, Claimant filed Objections to the Report. DN 18.

3. Analysis

Claimant's Objections to the Report advance the same arguments presented in Claimant's Fact and Law Summary,[2] although Claimant has abandoned some of his prior arguments. Claimant's Objections amount to this argument: the ALJ's RFC[3] determination does not accommodate Claimant's allegation of on-going, debilitating dizziness; thus, the RFC

---

[2] DN 14 filed on October 4, 2022.
[3] Residual Functional Capacity.

3

determination is not supported by substantial evidence, particularly because the ALJ failed to give Claimant's being a fall risk due regard and did not present that information to the vocational expert ("VE"). The Magistrate Judge rejected this argument. Claimant's Objections to the Magistrate Judge's Report are an effort to recast the same argument. As such, the Objections comprise no more than a disagreement with the Magistrate Judge's conclusion. In this way, Claimant's Objections are "'tantamount to an outright failure to lodge objections.'" *Depweg*, No. 14-11705, 2015 WL 5014361, at *1 (citations omitted).

Both the ALJ and the Magistrate Judge considered all the medical records submitted by Claimant and considered Claimant's as well as his wife's testimony respecting Claimant's alleged on-going dizziness. The Magistrate Judge found that the ALJ's assessment of Claimant's medical records was supported by substantial evidence as was the ALJ's RFC determination. The Magistrate Judge correctly noted that the ALJ reviewed every visit by Claimant "to either his neurologist, audiologist, or otolaryngologist after his amended alleged onset date." DN 17 at PageID# 665. The Magistrate Judge recited the ALJ's findings:

> The ALJ summarized that "the objective medical evidence d[id] not fully support the severity of limitations alleged by the [C]laimant." (*Id.* at 24.) The ALJ noted that "[C]laimant reported only episodic seizures and dizziness and his treatment records show his impairments improved with conservative, routine therapy and medications." (*Id.*) In addition to his visit-by-visit analysis of the salient features of Claimant's treatment history, the ALJ noted Claimant presented with "generally normal" physical examinations "showing full muscle strength, intact sensation, normal respiratory exams, and normal reflexes." (*Id.*) Specific to Claimant's BPPV and VOR dysfunction, he noted that Claimant's audiologist reported that conditions had "mostly resolved" and pointed to improvement in Claimant's test results in the audiologist's records. (*Id.*) He emphasized that Claimant's otolaryngology records showed normal hearing and generally normal physical exams. (*Id.*) Based on these records and his previous discussion, the ALJ concluded that the RFC he formulated "accommodate[d] [Claimant's] reported dizziness . . . to the extent that the record will permit." (*Id.*)

DN 17 at PageID# 665. The Magistrate Judge concluded that the ALJ's decision with respect to dizziness and balance, as well as the ALJ's corresponding RFC decision, were supported by substantial evidence:

> Based on the undersigned's review of the evidence and the ALJ's decision, the undersigned cannot find that the ALJ's decision is unsupported by substantial evidence. The ALJ relied on statements by Claimant's treating providers about improvement in his conditions and good response to treatment that corresponded with objective findings that decreased in severity over time. Claimant is correct that his providers continued to document his complaints of dizziness, but the underlying conditions related to that dizziness appeared to have resolved or responded well to treatment as noted by the ALJ. Claimant cited no provider who put any limitations on him related to his dizziness, let alone greater limitations than those imposed by the ALJ in his RFC determination. . . . Here, based on the undersigned's review of the entire record, the undersigned finds that the ALJ's decision falls within [the] zone of choice. Claimant's argument amounts to nothing more than an attempt to point to other evidence in the record he claimed supported the opposite conclusion to that reached by the ALJ. This is insufficient to disturb the ALJ's decision in this matter, and thus, the undersigned finds the ALJ's discussion of Claimant's balance and dizziness and corresponding RFC finding were supported by substantial evidence.

*Id.* at PageID# 665-666.

Claimant's medical records consistently show improvement to his dizziness and balance issues, as outlined in detail by the Magistrate Judge. *See* DN 17 at PageID# 655-65. With respect to Claimant's contention that his fall risk was somehow ignored in the RFC determination, as noted by the Magistrate Judge, "Claimant cited no provider who put any limitations on him related to his dizziness, let alone greater limitations that those imposed by the ALJ in his RFC determination." *Id.* at PageID# 665. Claimant has not shown why these findings by the Magistrate Judge are erroneous.

Nonetheless, Claimant asserts that his dizziness remains debilitating and the RFC determination is erroneous for this reason. As correctly explained by the Magistrate Judge, Claimant's medical records show two medically determinable conditions that cause dizziness:

BPPV and VOR.[4] The records also show that Claimant's dizziness improved over time and that his test results also improved – improvements that are set out in detail by the Magistrate Judge. DN 17 at PageID# 656-65. Claimant argues that this is error because he gave credible testimony as to the debilitating effect of on-going dizziness and because his medical records reflect a possible third condition, PLF, which causes dizziness.[5] Claimant contends that the possible PLF corroborates Claimant's hearing testimony and the ALJ erred to the extent that he found Claimant's testimony incredible. DN 18 at PageID# 676.[6] This argument is unavailing. As the Magistrate Judge correctly found, it is not the job of the Court to second guess the ALJ or to make different credibility determinations. DN 17 at PageID# 656, 669 (citations omitted).

Moreover, the alleged PLF is not a medically determinable condition given Claimant's medical records. Notably, at times, Claimant asserts that he has a fistula, and at other times he recognizes that his medical records indicate that further testing for it is needed. In fact, as the Magistrate Judge correctly notes, Claimant's last otolaryngologist note states that Dr. Lin needed to obtain Claimant's full audiology records and do additional fistula testing. DN 17 at PageID# 664.[7]

Claimant's medical records include Claimant's self-reports of improvement to his dizziness and improved test results – as set out in detail by the Magistrate Judge. *See* Report, DN 17 at PageID# 656-65. Thus, the Magistrate Judge concluded and this Court agrees that the "medical evidence of record which postdates his amended onset date substantiates that Claimant

---

[4] BPPV is an abbreviation for benign positional vertigo. VOR is an abbreviation for vestibulo-occular reflex, which is eye movement that stabilizes one's gaze.
[5] PLF is an abbreviation for perilymph fistula which is a defect in the membrane of the inner ear.
[6] More specifically, the ALJ concluded that the objective medical evidence "is not entirely consistent with the intensity, persistence and limiting effects" to which Claimant testified. DN 11 at PageID# 58.
[7] Claimant appears never to have gotten additional testing for the fistula. This is telling. *See Maggard v. Astrue*, No. 6:11-CV-230-JMH, 2021 WL 3637795, at *4 (E.D. Ky. Aug. 23, 2012) (plaintiff's lack of treatment showed symptoms were controlled and "certainly not debilitating") (citation omitted). It certainly does nothing to undermine the substantial evidence on which the ALJ and Magistrate Judge based their conclusions.

complained of dizziness to his providers but also demonstrates gradual improvement with treatment." *Id.* at PageID# 657.

Finally, with respect to the hypotheticals the ALJ posed to the VE, the Magistrate Judge correctly noted that the ALJ was required only to incorporate limitations he had accepted as credible and need not incorporate unsubstantiated complaints. DN17 at PageID# 672 (citing *Hare v. Comm'r of Soc. Sec.*, 37 F. App'x 773, 776 (6th Cir. 2002); *Stanley v. Sec'y of health & hum. Servs.*, 39 F.3d 115, 118-19 (6th Cir. 1994) (ALJ not obliged to incorporate unsubstantiated complaints in hypotheticals)). At the same time, the Magistrate Judge found that the ALJ's RFC determination was supported by substantial evidence:

> Here, the ALJ relied on testimony of the VE in response to a hypothetical that mirrored the ALJ's RFC determination to find that Claimant could return to his past relevant work. As the undersigned found above that the ALJ's RFC determination was supported by substantial evidence, the undersigned can find no error in the ALJ's step four determination.

DN 17 at PageID# 670. The Court agrees. That is, the ALJ's RFC determination was supported by substantial evidence, and, thus in turn, the factual assumptions underlying the hypotheticals posed by the ALJ to the VE are supported by substantial evidence. *See* Report at PageID# 672.

4. Conclusion

After reviewing the ALJ's Decision and the Magistrate Judge's Report, the Court is satisfied that the Magistrate Judge thoroughly considered and addressed all of Claimant's arguments. The Court finds no error in the Magistrate Judge's analysis and conclusions regarding those arguments. For these reasons, the Court concludes that the Magistrate Judge's Report is correct: the ALJ's Decision is supported by substantial evidence. Claimant's Objections to the Report are without merit and will be overruled. The Magistrate Judge's Report will be accepted

and adopted in its entirety. A separate order and judgment will be entered this date in accordance with this Memorandum Opinion.

August 21, 2023

Charles R. Simpson III, Senior Judge
United States District Court